UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

SURETEC INSURANCE COMPANY,

    Plaintiff,

v.                                              Case No:   6:15-cv-1061-Orl-28TBS

A&M SI CONSTRUCTION COMPANY,
LLC; COBRA, LLC; CASPIAN REAL
ESTATE HOLDINGS, LLC; and
CHRISTINA ANN BUCHAN

    Defendants.

## REPORT AND RECOMMENDATION

Pending before the Court is the Motion for Default Final Judgment of Plaintiff Suretec Insurance Company (Doc. 21). Upon due consideration, I respectfully recommend that the motion be **GRANTED**.

### I. Background

Plaintiff and Defendants made and entered into a Mediated Settlement Agreement ("Agreement") in Case No. 6:12-cv-1431-28TBS (M.D. Fla.) (Doc. 1-1). Under the terms of the Agreement, Defendants promised to make installment payments to Plaintiff (Id.). Defendants breached the Agreement by failing to make scheduled, agreed upon payments (Doc. 1-2). To cure the breach, the parties made and entered into a First Addendum to Mediated Settlement Agreement (the "Addendum") (Doc. 1-3).

As of March 23, 2015, Defendants were in default of their obligations under the Agreement as modified by the Addendum because they were in arrears in the amount of $5,833.32 and had not made a payment since October 2014 (Doc. 1, ¶ 16; Doc. 14, ¶ 16).

Plaintiff issued a notice of default and demand to cure on March 23, 2015, but Defendants did not make any further payments (Doc. 1, ¶¶ 17-18; Doc. 14, ¶¶ 17-18). Plaintiff filed this action on June 29, 2015, against A&M SI Construction Company, LLC, Cobra, LLC, Caspian Real Estate Holdings, LLC, and Christina Ann Buchan for breach of the Mediated Settlement Agreement and the First Addendum to Mediated Settlement Agreement.

In the Agreement the parties agreed that,

> [i]n the event that the INDEMNITORS [Defendants] fail to timely cure any notice of default, SURETEC shall be entitled to the entry of a *Consent Final Judgment* against the INDEMNITORS, jointly and severally, in the total amount of the Surety's Losses, plus continuing interest on all such amounts at the highest legally permissible rate (currently eighteen percent (18%) per annum) from the date of SURETEC's *Motion for Summary Judgment* [March 7, 2013], and such additional attorneys' fees and costs as may be awarded pursuant to Paragraph 9 hereof, less any amounts received by SURETEC from the INDEMNITORS pursuant to Paragraph 3 hereof.

(Doc. 1, ¶ 19; Doc. 14, ¶ 19; Doc. 14-1, ¶ 8).

The Agreement further provides that the "*Consent Final Judgment* shall be entered by the Court upon *Motion* and *Sworn Affidavit* submitted by SURETEC, without need for hearing thereon." (Doc. 14-1, ¶ 8). Plaintiff's complaint and amended complaint seek $288,348.85, representing the agreed upon Surety's Losses set forth in the Agreement of $217,534.72, less payments received from Defendants in the amount of $10,166.66,[1] plus interest on the remaining balance at the rate of 18% per annum from March 7, 2013 in the amount of $78,640.79, and an additional $2,340 for attorneys' fees incurred in connection with the various defaults and enforcements of the Agreement (Doc. 1, ¶ 21, Doc. 14, ¶ 21). Plaintiff also seeks an award of attorney's fees and costs for prosecuting

---

[1] On October 7, 2015, Plaintiff clarified that Defendants have actually made $12,166.66 in payments (Doc. 28, ¶ 2).

this action (Doc. 1, ¶ 22; Doc. 14, ¶ 22).  Defendants have not answered the complaint or amended complaint or otherwise appeared in this action.  Plaintiff now seeks default judgment.

## II. Discussion

Rule 55(b) of the Federal Rules of Civil Procedure authorizes a court to enter default judgment against a party whose default has been entered by the clerk.  Once default has been entered, a defaulting defendant is considered to have admitted all the well-pleaded allegations of fact.  See Buchanan v. Bowman, 820 F.2d 359, 361 (11th Cir. 1987).  But, "a defendant's default does not in itself warrant the court in entering a default judgment," and it "is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover."  Nishimatsu Const. Co., Ltd., v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975).[2]  Along with the requirement that the Clerk's entry of default be proper, the Court may enter a default judgment only if there is "a sufficient basis in the pleadings for the judgment entered."  Id.  The party seeking default judgment must also comply with the requirements of the Servicemembers Civil Relief Act. 50 App. U.S.C. § 521.

As an initial matter, I find that jurisdiction is proper pursuant to 28 U.S.C. § 1332, and that the Servicemembers Civil Relief Act does not prevent entry of default judgment. See Doc. 26; 50 App. U.S.C. § 521.  I also find that the entry of default by the Clerk was proper.  "When service of process is properly effected, but the served party fails to respond in a timely manner, the clerk must enter a default against that party once the district court is informed of that failure."  Kelly v. Florida, 233 F. App'x 883, 885 (11th Cir.

---

[2] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.

2007) (citing FED. R. CIV. P. 55(a)).  Service of the complaint was effected upon each Defendant through counsel, Christina Buchan, on July 1, 2015.  Buchan completed a Waiver of the Service of Summons for each Defendant on July 7, 2015 (Doc. 8).  See FED. R. CIV. P. 4(d).  Because Defendants waived service, they were required to respond to the complaint within "60 days after the request was sent."  FED. R. CIV. P. 4(d)(3).  Plaintiffs filed an amended complaint (Doc. 14) on August 19, 2015, which was served on Defendants' counsel that same day (Doc. 23).  Defendants failed to respond to either the complaint or amended complaint within the required time and have otherwise failed to appear in this action.  Thus, the Clerk properly entered the default of each Defendant (Docs. 17-20).

Plaintiff has established that Defendants are in default of the Agreement and the Addendum.  The Agreement established a payment schedule and the terms upon which Defendants are to reimburse Plaintiff for certain losses and expenses (Doc. 1, ¶¶ 10-11; Doc. 14, ¶¶ 10-11).  The parties executed the Addendum to amend Defendants' payment obligations under the Agreement (Doc. 14-3).  Although the Agreement and Addendum call for monthly payments until at least April 2023, Defendants have not made any payments since October 2014 (Doc. 1, ¶ 16; Doc. 14, ¶ 16).  Plaintiffs provided a written notice to cure pursuant to the terms of the Agreement (Doc. 14-1, ¶ 8; Doc. 14-4), but Defendants failed to cure their default.  Accordingly, pursuant to the terms of the Agreement, Plaintiff is

> entitled to the entry of a *Consent Final Judgment* against the INDEMNITORS, jointly and severally, in the total amount of the Surety's Losses, plus continuing interest on all such amounts at the highest legally permissible rate (currently eighteen percent (18%) per annum) from the date of SURETEC's *Motion for Summary Judgment* [March 7, 2013], and such additional attorneys' fees and costs as may be awarded pursuant to

>Paragraph 9 hereof, less any amounts received by SURETEC from the INDEMNITORS pursuant to Paragraph 3 hereof.

(Doc. 1, ¶ 19; Doc. 14, ¶ 19; Doc. 14-1, ¶ 8).

The parties agreed that Plaintiff's outstanding Surety's Losses are $217,534.72 (Doc. 14-1, pp. 3-4).   Plaintiff has received $12,166.66 in payments from Defendants and incurred $2,340 in reasonable attorney's fees in connection with the various defaults and enforcement of the Agreement (Doc. 1, ¶ 21; Doc. 14, ¶ 21; Doc. 14-5; Doc. 28, ¶ 2). Plaintiff seeks the Surety's Losses of $217,534.72, less payments received of $12,166.66, plus "interest on the remaining balance at the rate of eighteen percent (18%) per annum from March 7, 2013" and $2,340 in attorney's fees (Doc. 14, ¶ 21; Doc. 21, ¶ 17).   Plaintiff's request for attorney's fees is supported by affidavit and a schedule of billable hours that confirms the attorney's claimed hours (Doc. 14-5).

Accordingly, Plaintiff is entitled to judgment in the amount of $303,415.20, calculated as follows:[3]

| Surety's Losses | $217,534.72 |
|---|---|
| Less Payments Received | $  12,166.66 |
| Subtotal | $205,368.06 |
| Interest | $  95,707.14 |
| Attorneys' Fees | $    2,340.00 |
| Total | $303,415.20 |

Pursuant to the terms of the Agreement, Plaintiff is also entitled to an award of reasonable attorney's fees and costs for this action (See Doc. 14-1, ¶¶ 8-9).

### III. Recommendation

For the foregoing reasons, I **RESPECTFULLY RECOMMEND** that:

1. Plaintiff's Motion for Default Final Judgment (Doc. 21) be **GRANTED**;

---

[3] Interest was calculated as follows: $205,368.06 * 18% * 945 (the number of days between March 17, 2013 and October 8, 2015) ÷ 365 (the number of days in a year) = $95,707.14.

- 5 -

2. The Court enter judgment for Plaintiff against Defendants A&M SI Construction Company, LLC, Cobra, LLC, Caspian Real Estate Holdings, LLC, and Christina Ann Buchan, jointly and severally, in the amount of $303,415.20;

3. Plaintiff be afforded an opportunity to file a motion for attorney's fees and costs.

Specific written objections to this report and recommendation may be filed in accordance with 28 U.S.C. § 636, and M.D. Fla. R. 6.02, within fourteen (14) days after service of this report and recommendation.  A party failing to file written objections to a magistrate judge's findings or recommendations within fourteen (14) days of the issuance of the report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual findings and legal conclusions.

**RESPECTFULLY RECOMMENDED** at Orlando, Florida on October 8, 2015.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Presiding United States District Judge
    Counsel of Record
    Unrepresented Parties