UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

SURETEC INSURANCE COMPANY,

    Plaintiff,

v.                                                        Case No:   6:15-cv-1061-Orl-28TBS

A&M SI CONSTRUCTION COMPANY,
LLC, COBRA, LLC, CASPIAN REAL
ESTATE HOLDINGS, LLC and
CHRISTINA ANN BUCHAN,

    Defendants.

_____

## ORDER

The Court granted Plaintiff Suretec Insurance Company's motion for default judgment, and on November 2, 2015, the Clerk entered judgment against Defendants A&M SI Construction Company, LLC; Cobra, LLC; Caspian Real Estate Holdings, LLC; and Christina Ann Buchan, "jointly and severally, in the amount of $303,415.20, for which sum let execution issue." (Doc. 31). Thereafter Plaintiff moved for a writ of garnishment against Sun Trust Bank, which Plaintiff alleged had possession of funds belonging to Defendants and The Law Offices of Christina Buchan, P.A. (Doc. 32-2). The Court granted the motion with one exception. Because Plaintiff does not hold a judgment against The Law Offices of Christina Buchan, P.A., the motion was denied as to that corporation (Doc. 33).

This matter is now before the Court on Suretec Insurance Company's Motion for Reconsideration (Doc. 34). Plaintiff "seeks reconsideration because, respectfully, there exist case law which indicate [sic] that business accounts held by the individual judgment debtor as a sole proprietorship are not exempt from garnishment." (Id. at 3). Plaintiff

attached new evidence to its motion, including Defendant Buchan's 2014 tax returns and The Law Offices of Christina Buchan, P.A.'s articles of incorporation and annual reports. Plaintiff argues that this evidence demonstrates "the Law Office is a [sic] S-Corporation which is owned and operated by BUCHAN, a named Judgment Debtor in this matter. Furthermore, Florida case law demonstrates that sole proprietorships, such as the Law Office, owned by judgment debtors are subject to garnishment."  (Id. (emphasis in original)).

The Court recognizes three grounds warranting reconsideration of an order: "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice."  McGuire v. Ryland Grp., Inc., 497 F. Supp. 2d 1356, 1358 (M.D. Fla. 2007).  The moving party must meet a very high standard, presenting "facts or law of a strongly convincing nature to induce the court to reverse its prior decision."  Id. (internal quotations omitted).  "This ordinarily requires a showing of clear and obvious error where the interests of justice demand correction."  Id. (internal quotations omitted).  "A party who fails to present its strongest case in the first instance generally has no right to raise new theories or arguments in a motion for reconsideration."  Id. (internal quotations omitted).

Plaintiff's motion relies on arguments that could and should have been made in its original motion.  Plaintiff also presents, for the first time, evidence that was available to it when it filed the original motion (Doc. 34-1 at 1-6).  See Mays v. U.S. Postal Serv., 122 F.3d 43, 46 (11th Cir. 1997) ("This circuit has held that a motion to reconsider should not be used by the parties to set forth new theories of law. … [W]here a party attempts to introduce previously unsubmitted evidence on a motion to reconsider, the court should not grant the motion absent some showing that the evidence was not available during the

pendency of the motion."); M.G. v. St. Lucie Cty. Sch. Bd., 741 F.3d 1260, 1262 (11th Cir. 2014).   For these reasons, Plaintiff's motion for reconsideration is **DENIED**.

The Court has also considered the merits of Plaintiff's argument.   The Court agrees that the non-exempt assets of an individual doing business as a sole proprietorship are subject to levy.   But, the new evidence attached to Plaintiff's motion only confirms the Court's understanding that The Law Offices of Christina Buchan, P.A., is a Florida corporation, not a sole proprietorship.   See FLA. STAT. § 440.02(25) ("'Sole proprietor' means a natural person who owns a form of business in which that person owns all the assets of the business and is solely liable for all the debts of the business."); FL ST BAR Rule 4-8.6 ("Lawyers may practice law in the form of professional service corporations, professional limited liability companies, sole proprietorships, general partnerships, or limited liability partnerships organized or qualified under applicable law."); SOLE PROPRIETORSHIP, Black's Law Dictionary (10th ed. 2014) ("A business in which one person owns all the assets, owes all the liabilities, and operates in his or her personal capacity.").   As a professional service corporation, The Law Offices of Christina Buchan, P.A. is a separate legal entity which owns its own assets and is responsible for its own debts.   Plaintiff does not have a judgment against The Law Offices of Christina Buchan, P.A., and is not entitled to garnish its assets.   For this reason too, Plaintiff's motion to reconsider is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on April 29, 2016.

*[signature]*

THOMAS B. SMITH
United States Magistrate Judge

Copy furnished to Counsel for Plaintiff